EDWARD BYRNE *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

February 13, 1888.

Judgment — Recovery for Obstructing Water-Course — Evidence in Subsequent Action.—In an action for damages from a permanent obstruction of a water-course, and the consequent flooding of the plaintiff's land, a former recovery for the same cause, for damages suffered prior to the commencement of this action, is admissible in evidence upon the same issues as those involved in the former action.

Same—Nuisance—Continuance.—A recovery for a nuisance does not bar a subsequent recovery for the continuance of the same nuisance.

Waters — Overflow of Stream — Surface Water.—The water which in times of ordinary high water overflows the banks of a stream, and is accustomed to flow down over the adjacent lowlands in a defined stream, is subject to the law relating to water-courses, rather than to that of surface water.

**Same — Destruction of Crops — Measure of Damages.—** In general, a proper measure of damages for the destruction or loss of growing crops —annual crop of grass—is the value of the same, and not necessarily the rental value of the land.

Appeal by defendant from an order of the district court for Le Sueur county, *Edson,* J., presiding, refusing a new trial, after a verdict of $600, for plaintiff. The opinion upon an appeal in the former case between these parties will be found in 29 Minn. 200.

*H. J. Peck,* for appellant.

*J. B. Brisbin,* for respondent.

DICKINSON, J. In this action a recovery of damages is sought for the overflowing of the plaintiff's land in the years from 1881 to 1885, both inclusive, the cause of such injury being, as is alleged, the constructing and maintaining by the defendant of its railroad, so as to obstruct a natural water-course, (the Cannon river,) which flows across the plaintiff's land. The obstruction complained of was not on the plaintiff's land. There had been a prior action between the same parties, and a judgment in favor of this plaintiff for injuries resulting from the same cause during several years prior to 1881. The court properly received in evidence the record of the former action and recovery. It was evidence of the plaintiff's title, which was put in issue by the defendant in both actions. It was also admissible upon the question whether the railroad had been so constructed as to obstruct the natural flow of the stream, which was also in issue in both actions.

In general, the proper measure of damages for the destruction or loss of growing crops is the value of the same standing upon the ground, and not the loss as measured by the rental value of the land. *Lommeland* v. *St. Paul, M. & M. Ry. Co.,* 35 Minn. 412, (29 N. W. Rep. 119;) *Folsom* v. *Apple River Log Driving Co.,* 41 Wis. 602. This general rule of damages was properly applied in this case, the plaintiff having been prevented, by the acts complained of, from securing the crop of hay upon the meadow land belonging to his farm. The case is readily distinguishable in several respects from that of *Brakken* v. *Minn. & St. Louis Ry. Co.,* 29 Minn. 41, (11 N. W. Rep. 124,) and 31 Minn. 45, (16 N. W. Rep. 459,) in which case there was no destruction or loss of property. We see no reason to doubt that the

actual loss of the perennial crop of grass was susceptible of being proved and measured with reasonable certainty. Whether the damages might have been measured also by the diminution in the rental value, if the case had been presented upon that theory, we need not determine.

The case in part was that, outside of the proper banks of the stream, the defendant had constructed an embankment across the bottom-land below the plaintiff's land, (by the course of the stream.) The banks of the stream are low, and at times of high water they are overflowed and the plaintiff's meadow land submerged. It is shown that before the building of the embankment the overflow passed off in that direction in the course of a few days, but since that time it has remained upon the plaintiff's meadow, so as to prevent the harvesting of the grass. As the evidence presents the case, the embankment "held the water back." The rulings and charge of the court were to the effect that this overflow was in the nature of a watercourse, rather than of mere surface water, and that the defendant had no right to so construct its embankment over the bottom-land as to obstruct the passage of the water. The facts shown justify the rulings and charge of the court. A "water-course," in the legal sense of the term, does not necessarily consist merely of the stream as it flows within the banks which form the channel in ordinary stages of water. When, in times of ordinary high water, the stream, extending beyond its banks, is accustomed to flow down over the adjacent lowlands in a broader but still definable stream, it has still the character of a water-course, and the law relating to water-courses is applicable, rather than that relating to mere surface water. *Crawford* v. *Rambo,* 44 Ohio St. 279, (7 N. E. Rep. 429.) What might be the rule of law with respect to water setting back from a stream upon adjacent lowland, but not passing over it as running water, we do not determine. We do not understand this to be such a case. The former recovery for injuries resulting from the obstruction in prior years did not bar this action for subsequent injuries from the continued nuisance.

Order affirmed.