JOHN JUNGBLUM v. MINNEAPOLIS, NEW ULM & SOUTHWESTERN
RAILROAD COMPANY.[1]

November 19, 1897.

Nos. 10,687—(108).

Verdict — Sufficiency of Evidence — Obstructing Flow of Surface
Water.

*Held,* that the evidence is sufficient to sustain a finding by the jury to
the effect that the defendant unnecessarily and unreasonably obstructed a
natural channel wherein surface water was accustomed to flow, and
thereby flooded the plaintiff's land.

Railway—Right of Way—Deed—Negligent Construction.

The defendant acquired its right of way over plaintiff's land by deed
which in terms released the defendant from all damages by reason of the
location, grade, construction, maintenance and operation of a railway
over and upon the premises conveyed. *Held,* that the deed only released
the defendant from all damages resulting from a reasonable and non-
negligent construction of a railway over and upon the premises conveyed.

Same—Measure of Damages.

The plaintiff's land was and is flooded by the negligent construction of
the defendant's roadbed across a natural channel for surface water, with-
out a culvert therein to let such water pass off in its accustomed course.
*Held,* that the injury is not permanent in its nature, and the measure of
damages is the diminution in the rental value of this land by reason of the
injury, computed to the commencement of the action.

Appeal by defendant from an order of the district court for Nic-
ollet county, Webber, J., denying a motion for a new trial after a
verdict of $300 for plaintiff.   Modified.

*Albert E. Clarke* and *W. F. Booth,* for appellant.

The common-law rule as to surface water prevails in this state.
The owner of the lower land may, with all due care not to injure his
neighbor in the use and improvement of his own land, obstruct the
natural flow of water and turn it back upon the land of others with-
out incurring liability.   Rowe v. St. Paul, 41 Minn. 384;  The Jordan

[1] Reported in 72 N. W. 971.

Case, 42 Minn. 172; O'Brien v. City, 25 Minn. 331; Brown v. Winona, 53 Minn. 259; Sheehan v. Flynn, 59 Minn. 436.

The measure of damages is the diminution in the value of the use of the land up to the time of the commencement of the action. Brakken v. Minneapolis, 29 Minn. 41; Baldwin v. Chicago, 35 Minn. 355; Brakken v. Minneapolis, 32 Minn. 425; Carli v. Union Depot, 32 Minn. 101; Railway v. Cook, 57 Ark. 387; St. Louis v. Biggs, 52 Ark. 240; Cumberland v. Hutchings, 65 Me. 140; Pinney v. Berry, 61 Mo. 359; Wells v. New Haven, 151 Mass. 46; Battishill v. Reed, 86 E. C. L. 696; Town v. Cheshire, 23 N. H. 83; Uline v. New York, 101 N. Y. 98; Schlitz v. Compton, 142 Ill. 511; Bare v. Hoffman, 79 Pa. St. 71; 3 Sutherland, Dam. § 1039; 5 Am. & Eng. Enc. 16, 17, note. The depreciation in value is not more permanent than its cause, and as the cause is removable in its nature and the defendant under a duty to remove it, a fact dependent upon its permanency cannot be treated in law as established. 5 Am. & Eng. Enc. 16, and cases cited 17, note 1; Railway v. Cook, supra.

The damages clearly result from the grade, construction and maintenance of a railroad on and across the premises and are within the release. Updegrove v. Pennsylvania, 132 Pa. St. 540; Radke v. Minneapolis, 41 Minn. 350; McCarty v. St. Paul, 31 Minn. 278; Benson v. Chicago, 78 Mo. 504; Chicago v. Smith, 111 Ill. 363.

*Albert L. Young,* for respondent.

The presence or absence of spring water is not the only test of a water course, but accumulations from rain and melting snow are also tests. 28 Am. & Eng. Enc. 946; Simmons v. Winters, 21 Ore. 35; Earl v. DeHart, 12 N. J. Eq. 280; Lambert v. Alcorn, 144 Ill. 313; Peck v. Herrington, 109 Ill. 611; Rhoads v. Davidheiser, 133 Pa. St. 226; Conniff v. City, 67 Cal. 45; Wharton v. Stevens, 84 Iowa, 107; Martin v. Riddle, 26 Pa. St. 415; Hays v. Hinkleman, 68 Pa. St. 324; Borchsenius v. Chicago, 96 Wis. 448; McClure v. City, 28 Minn. 186; Sheehan v. Flynn, 59 Minn. 436. Surface water flowing in a natural well-established depression is governed by the law applicable to water courses. Kauffman v. Giesemer, 26 Pa. St. 407; Schaefer v. Marthaler, 34 Minn. 487; Sheehan v. Flynn, supra; McClure v. City,

supra; Jordan v. St. Paul, 42 Minn. 172; Gillett v. Johnson, 30 Conn. 180.

Railroads have no right in the construction of their roads to diminish the flow of water in such streams. Shamleffer v. Council, 18 Kan. 24; Williamson v. Lock, 76 N. C. 478; Whitaker v. Delaware, 87 Pa. St. 34; Baltimore v. Magruder, 34 Md. 79; Johnson v. Atlantic, 35 N. H. 569; Stodghill v. Chicago, 43 Iowa, 26; Young v. Chicago, 28 Wis. 171; Lyon v. Green, 42 Wis. 538; Waterman v. Connecticut, 30 Vt. 610. They should, therefore, where forced to construct an embankment, have constructed at the same time suitable culverts or tunnels through which the water should flow. Chicago v. Noffitt, 75 Ill. 524; Pittsburg v. Gilleland, 56 Pa. St. 446. For failure to construct such tunnels or culverts they are liable, whether the resulting injury arise from inundation on account of the insufficiency of such openings or the diversion of the stream. Bellinger v. New York, 23 N. Y. 42; Houston v. Parker, 50 Tex. 330; Gormley v. Sanford, 52 Ill. 160; O'Brien v. City, 25 Minn. 331. The doctrine of reasonable necessity applies to collecting as well as to disposing of surface water. Beach v. Gaylord, 43 Minn. 476; Borchsenius v. Chicago, 96 Wis. 448; Township v. Devine, 36 Minn. 53; Willitts v. Chicago, 88 Iowa, 281; Cooley, Torts, 580; Stohr v. City, 54 Minn. 549; Town v. Missouri, 50 Neb. 768.

Presence or absence of negligence on the part of the railroad in constructing the roadbed over the stream was a question for the jury, and the finding of the jury on the question of negligence in constructing the roadbed over the stream is final. Waterman v. Connecticut, supra; McClure v. City, supra.

The damages for overflowing land by obstructing the natural flow of surface water is the difference between the value of the land with the ditch open and with the ditch closed. St. Louis v. Anderson, 62 Ark. 360; Ridley v. Seaboard, 118 N. C. 996; Van Orsdol v. B. C. R., 56 Iowa, 470; City v. Voegler, 103 Ind. 314; Adams v. Hastings, 18 Minn. 236 (260). The measure of damages is the difference between the value of the premises immediately before and immediately after the injury. Chase v. New York, 24 Barb. 273; Easterbrook v. Erie, 51 Barb. 94; Drake v. Chicago, 63 Iowa, 302; Sullens v. Chicago, 74 Iowa, 659; Noe v. Chicago, 76 Iowa, 360; Peden v. Chicago, 78 Iowa,

131; Ziebarth v. Frye, 42 Minn. 541; Ward v. Chicago, 61 Minn. 449; Gentry v. Richmond (S. C.) 16 S. E. 893; Seely v. Aldén, 61 Pa. St. 302; Young v. Gentis, 7 Ind. App. 199; Indiana v. Eberle, 110 Ind. 542; Louisville v. Sparks, 12 Ind. App. 410.

START, C. J.

This action was brought to recover damages for the overflowing of the plaintiff's land by reason of the improper construction of the defendant's roadbed. Verdict for the plaintiff for $330, and the defendant appealed from an order denying its motion for a new trial.

The assignments of error present three general questions for our decision: First. Is the evidence sufficient to establish any liability on the part of the defendant for obstructing a natural water course, or for unreasonably and unnecessarily obstructing and accumulating surface water, and thereby casting it upon the plaintiff's land? Second. Does the deed introduced in evidence, whereby the plaintiff conveyed to the defendant a right of way over his land, operate as a release of the defendant from liability on account of the acts complained of? Third. Did the trial court err in instructing the jury as to the measure of damages? We answer the first and third questions in the affirmative, and the second one in the negative.

1. The defendant, in the year 1896, constructed its railroad diagonally across section 23, township 111, range 30, of which the plaintiff owned the N. ½ of the S. W. ¼, Gullick Johnson the S. ½ of the ¼, and Johanna Swanson the S. E. ¼. The plaintiff claims that, before the defendant constructed its roadbed, there existed a well-defined depression and water course sloping from the northwest to the southeast diagonally across section 23, into and through which the surface water coming upon his and adjoining land was accustomed to flow and find an outlet; that the defendant, in constructing its roadbed, negligently made a solid embankment across this water course, whereby the natural flow of the surface water was obstructed and accumulated in large quantities in the depression near its road; that the defendant, for the purpose of freeing its roadbed from the water so accumulated, drained it by an artificial ditch 650 feet long, and parallel to its roadbed, into a slough situated in part upon the plaintiff's land, with the result that his land was overflowed and in-

jured.    The defendant contends that the evidence is not sufficient to sustain a finding of the existence of the alleged water course.

It is practically conceded by both parties that if the defendant had put in a culvert across the depression, as the defendant calls it, the surface water would not have been thrown upon the plaintiff's land, and that it is entirely practicable to put in such a culvert, except that the defendant claims that to do so would render it liable to Swanson for discharging the surface water in a body upon her land. There was evidence given on the trial on behalf of the plaintiff tending to show that this depression was the usual and natural course or channel along which the surface water was accustomed to flow, before the roadbed was constructed, for a mile or two east of the roadbed, and that the channel bears marks of water having flowed through it.    Whether this depression is a natural water course, within the strict definition of the term, we need not determine; for the evidence justifies a finding that it was the usual and natural channel for surface water, and offered a reasonable way for the defendant by the construction of a culvert to dispose of the surface water without injury to any landowner.

The trial court submitted this question to the jury in these words:

"If the jury finds from the evidence that the defendant might reasonably have constructed a culvert through its roadbed, and thereby have conveyed the water in question through its natural and usual channel from its right of way, without injury to any other land owner, and that it neglected to do so, but that it unnecessarily or unreasonably drained the water upon the plaintiff's land, to the plaintiff's injury, then the plaintiff is entitled to recover."

This was a concise and accurate statement of the law as declared by this court in the case of Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462.    The jury, under this instruction, by their verdict necessarily found that the defendant unreasonably and unnecessarily drained the surface water upon the plaintiff's land.    The evidence was sufficient to sustain this finding, and establishes the defendant's liability.

2. The defendant acquired its right of way over the plaintiff's land by deed, which contained a release from the plaintiff in these words:

"And the said parties of the first part, for themselves, their heirs,

administrators, and assigns, do release the party of the second part, its successors and assigns, from all claims for any and all damages resulting to the land through and across which the piece or strip of land hereby conveyed is located, by reason of the location, grade, construction, maintenance, and operation of a railway over and upon the premises hereby conveyed."

The defendant claims that this deed relieves the defendant from any liability in this case, and is a complete defense. It is not, for two reasons: (a) The embankment across the water course or depression complained of was on the land of a third party, and not on the premises conveyed by the deed. Eaton v. B. C., 51 N. H. 504. (b) The language of the deed cannot be construed as releasing the defendant from any damages occasioned by a negligent construction or operation of the road.

If this deed is to be construed as exempting the defendant from liability for a negligent construction of the road, it also exempts it from liability for killing the plaintiff's stock or burning his buildings by the negligent operation of the road. It was not within the contemplation of the parties to this deed that the defendant would negligently construct and operate its road. This deed is to be construed as releasing the defendant only from all damages resulting from a reasonable and nonnegligent construction and operation of the railway over and upon the premises conveyed. Fremont v. Harlin, 50 Neb. 698, 70 N. W. 265. The cases relied upon by the defendant, McCarty v. St. Paul, 31 Minn. 278, 17 N. W. 616, and Radke v. Minneapolis, 41 Minn. 350, 43 N. W. 6, are not in point, for the roadbed in each case was constructed before the deed was executed, and the grantor was held to have consented by his deed to the continued maintenance of the road as actually constructed.

3. This brings us to the question of damages. The trial court instructed the jury upon this question as follows:

"If the jury finds from the evidence that the plaintiff is entitled to recover, then the measure of his damages for which he is entitled to recover is the difference between the fair market value of the land immediately before the injury was committed and its fair market value immediately after the injury, with interest thereon from the time of the injury to the present time, at the rate of seven per cent. per annum."

The act complained of is the negligent construction of the solid embankment without any culvert to let the surface water flow in its natural and accustomed channel; hence the instruction was, in effect, that the measure of damages was the difference in the market value of the plaintiff's land with the embankment permanently maintained without the culvert and what it would be with the embankment properly constructed with the culvert. The plaintiff is not entitled to recover any damages resulting from the embankment if properly constructed, and the only possible ground upon which the measure of damages adopted by the trial court can be sustained is upon the assumption that the negligence of the defendant in constructing the embankment without the culvert is a permanent injury to the plaintiff's freehold. If the injury complained of is in its nature permanent, then the instruction was correct; but, if the injury is one that may be remedied, it was erroneous.

It is true, as suggested by the trial court in justification of the instructions and here urged by counsel for the plaintiff, that the plaintiff, by his complaint, recognizes the right of the defendant to continue to flood his land, and alleges that it will always continue to be injured by such flooding, and seeks to recover his entire damages for all time in this one action. It is also true that the defendant has neither alleged nor proved any intention of constructing a culvert in the embankment. But calling the injury permanent does not make it so. The facts of this case must determine the character of the injury and the measure of damages, not names or claims. The facts as established by the evidence and verdict, under the instructions of the court, are that the defendant might have constructed a culvert in its roadbed, and thereby have carried off the surface water through its natural channel, without injury to any landowner, but that it negligently constructed its roadbed without any culvert, and thereby unnecessarily and unreasonably flooded the plaintiff's land, and that, if a culvert was now put in, the water would not flow upon the plaintiff's land.

It is clear that the injury of which the plaintiff complains is not a permanent one, but that it grows out of a wrong which may be righted, and that the defendant has a right to remedy the wrong, and may do so at any time. The contention of the defendant on the

trial was that it had not negligently constructed its roadbed, so as to obstruct a natural channel for the water, or unnecessarily flooded the plaintiff's land; it could not therefore, consistently with the defense it relied upon, offer on the trial to put in a culvert. But, because this was its defense, the court could not rightly presume that, in case the jury found against the defendant, it would not relieve itself from any future liability by constructing the culvert, and thereby remove the cause of the injury, and upon this assumption direct the jury to assess the damages as for a permanent injury.

It is true that the roadbed is a permanent structure, and must remain where it is; but the injury complained of does not arise from the existence of the roadbed properly constructed, but from the defendant's neglect to put a culvert through it. This wrong is continuous until it is remedied, and the injuries successive, for which successive suits may be brought until the wrong is righted. The measure of damages in such cases, whatever it may be elsewhere, is well settled in this state. The plaintiff is entitled to recover in this case the difference between the fair rental value of his land with the railroad constructed across the natural channel without a proper culvert through the embankment and its rental value with a proper culvert therein, so constructed as to free his land from the surface water complained of. The damages are to be assessed to the time of the commencement of the action. Brakken v. Minneapolis, 29 Minn. 41, 11 N. W. 124; Carli v. Union, 32 Minn. 101, 20 N. W. 89; Byrne v. Minneapolis, 38 Minn. 212, 36 N. W. 339. The last case cited was one for the recovery of damages occasioned by the obstruction of a water course, and it was held that a former recovery for injuries sustained in prior years did not bar an action for subsequent injuries from a continuance of the same wrong.

The claim is made by the plaintiff that his land was "tramped up" by reason of its being flooded; hence the injury is permanent. It is apparent from the evidence that this is a matter of no special consequence; but, if the plaintiff's land has been permanently injured in any respect as the proximate cause of the defendant's neglect to construct the culvert, he is entitled to recover the diminished value of his land due to such injury, in addition to the decreased rental value, excluding from the latter any decrease due to the permanent.

injury for which damages are allowed. The only error occurring on the trial of this case was in assessing the damages, and upon this issue alone the order appealed from must be modified, and a new trial granted.

So ordered.