CHARLES E. BOWERS v. MISSISSIPPI & RUM RIVER BOOM COMPANY.

December 19, 1899.

Nos. 11,819—(158).

### Injury to Abutting Owner—Prospective Damages.

The test whether an injury to real estate by the wrongful act of another is permanent, in the sense of permitting a recovery of prospective damages therefor, is not necessarily the character, as to permanency, of the structure or obstruction causing the injury, but the test is whether the whole injury results from the original wrongful act, or from the wrongful continuance of the state of facts produced by such act.

### Continuing Nuisance—Former Judgment not a Bar.

The defendant, in the year 1887, placed in the river opposite the plaintiff's farm, but not upon it, certain piling, to facilitate the floating of logs in the stream, and has ever since maintained it there. The effect of the piling was and still is to turn the water, logs, and ice upon plaintiff's land, whereby its shores were and are washed away. In the year 1895 he recovered a judgment for the injuries to his land by reason of the acts of the defendant to that date, which was satisfied. In the year 1899 he brought this action to recover the damages to his land so accruing since the commencement of the former action. Held, that as to the plaintiff such piling is a continuing nuisance, for which successive suits for damages may be brought, and that the former judgment was not a bar to this action.

Action in the district court for Anoka county to recover $1,000 damages for injuries to plaintiff's land, caused by placing piling in the Mississippi river, whereby water was caused to flow over the land. The case was tried before McGee, acting judge, who directed a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Everett Hammons*, for appellant.

The former judgment is not a bar. When the continuance of an act is necessarily injurious and of a permanent character, but the act may or may not be continued, or may or may not be injurious, the injury to be compensated for is only the damage that has already happened. Town v. Cheshire, 23 N. H. 83; Adams v. Goodrich, 55 Ga. 233; Ohio v. Wachter, 123 Ill. 440. When the extent of a wrong may be apportioned from time to time, and it does not go to the entire destruction of the estate or its beneficial use, separate actions not only may, but must, be brought, to recover the damages sustained. Plumer v. Harper, 3 N. H. 88; Bare v. Hoffman, 79 Pa. St. 71; Hargreaves v. Kimberly, 26 W. Va. 787. To be permanent, the injury must have wholly accrued at the time of the wrongful act. An injury is continuing, if it can and should be terminated, and such injury is to be compensated for on the theory that it will be terminated. Byrne v. Minneapolis & St. L. Ry. Co., 38 Minn. 212; Baldwin v. Chicago, M. & St. P. Ry. Co., 35 Minn. 354; Jungblum v. Minneapolis, N. U. & S. W. R. Co., 70 Minn. 153, 160; McCullough v. St. Paul, M. & M. Ry. Co., 52 Minn. 12; Adams v. Hastings & D. R. Co., 18 Minn. 236 (260); Valley v. Franz, 43 Oh. St. 623; Uline v. New York, 101 N. Y. 98; Chicago v. Loeb, 118 Ill. 203; Grady v. Wolsner, 46 Ala. 381; Chicago v. Schaffer, 124 Ill. 112; Hazeltine v. Case, 46 Wis. 391; Omaha v. Standen, 22 Neb. 343; Bizer v. Ottumwa, 70 Iowa, 145; National v. Minnesota, 57 Mich. 83; Russell v. Brown, 63 Me. 203; McCoy v. Danley, 20 Pa. St. 85; Cleveland v. Pattison, 67 Ill. App. 351; Hahn v. Miller, 68 Iowa, 745; Howard v. Kimball, 65 Me. 308; Redfield, Greenleaf Ev. 563.

*J. B. Atwater*, for respondent.

The former judgment was a bar. The injury was perma-

nent. Fowle v. New Haven, 107 Mass. 352, 112 Mass. 334, 337; Ohio v. Wachter, 123 Ill. 440; Hargreaves v. Kimberly, 26 W. Va. 787; Chicago v. Loeb, 118 Ill. 203; Town v. Cheshire, 23 N. H. 83; Bizer v. Ottumwa, 70 Iowa, 145; National v. Minnesota, 57 Mich. 83; City v. Voegler, 103 Ind. 314; Adams v. Hastings & D. R. Co., 18 Minn. 236 (260); Omaha v. Standen, 82 Neb. 343; 8 Am. & Eng. Enc. (2d Ed.) 678–687; Mayne, Dam. 138, 611; 1 Sutherland, Dam. §§ 175–197, 403; 1 Freeman, Judg. § 41; Nelson v. Village of West Duluth, 55 Minn. 497.

The law authorized respondent to place this piling in the Mississippi river, and that which the law authorized cannot be a nuisance. Patterson v. City of Duluth, 21 Minn. 493; Miller v. Mayor of New York, 109 U. S. 385; Pound v. Turck, 95 U. S. 459; Transportation Co. v. Chicago, 99 U. S. 635. The piling was placed in the river and not on plaintiff's land, and was in the first instance lawful. Conceding, for the purpose of the argument, that it subsequently caused injuries to plaintiff amounting to a "taking" of his land, still the structure would be lawful as to all the world and would be unlawful as to plaintiff only in case defendant did not pay to him the legal compensation for his injuries. An equitable suit to abate the piling would be stayed to allow the settlement of the damages by a condemnation proceeding. Weaver v. Mississippi & R. R. Boom Co., 30 Minn. 477. Plaintiff's compensation might be ascertained either by act of the parties, or by condemnation proceedings or by a suit for damages. Nelson v. Village of West Duluth, supra; Chicago v. Loeb, supra.

Where a public or quasi-public corporation, acting under legislative authority, has erected in a navigable stream a structure proper for its purposes, the necessary effect of which is to cause a taking of plaintiff's land, then plaintiff has but one cause of action to recover all his damages, present and prospective, and cannot bring successive actions as in the case of continuing nuisance. In the application of this principle to the case at bar defendant contends: 1. That this case shows simply one wrongful act or completed injury; that when this injury concurred with damage to plaintiff, and he saw fit to bring an action of trespass instead of forcing a condemnation, he could, and in law should, have col-

lected all his damages, both past and future, therefor; that his cause of action having once accrued and been exhausted, no new cause of action can have arisen. National v. Minnesota, supra; Bizer v. Ottumwa, supra; City v. Voegler, supra. 2. That this piling being constructed under legislative authority, was not a nuisance even though it caused damage to plaintiff. Romer v. St. Paul City Ry. Co., 75 Minn. 211; City v. Flood, 57 Neb. 124; Poole v. Falls, 88 Md. 533; Patterson v. City of Duluth, supra.

START, C. J.[1]

This is an action to recover damages which the plaintiff claims to have sustained by the act of the defendant in placing piling in the Mississippi river opposite his farm, whereby the water in the river was turned from its natural course, and carried upon and against his land, washing away the shores thereof. The answer admitted and alleged that in the year 1887 the defendant, in the exercise of its charter powers as a corporation engaged in the business of booming and driving logs, placed the piling in the river for the purpose of keeping floating logs off from the sand bars therein, but that the defendant removed the piling in 1895. It further alleged that on May 4, 1895, the plaintiff duly recovered judgment against the defendant for the same cause of action alleged in the complaint in this action, and that such judgment has been paid and satisfied. The reply denied that the judgment pleaded, as a bar was for the same cause of action as that alleged in the complaint herein. The trial court, at the close of the evidence, directed a verdict for the defendant, on the ground that the judgment in the prior action was a bar to this one, and, further, that the evidence was not sufficient to establish a cause of action against the defendant. The plaintiff appealed from an order denying his motion for a new trial.

If the former judgment is not a bar, the evidence, although conflicting, was sufficient to sustain a verdict for the plaintiff. The question, then, for our consideration, is whether the trial court erred in holding that the prior judgment was a bar to this action.

There was evidence, as to this question, tending to establish

[1] BROWN, J., took no part.

these facts: The defendant, in the year 1887, placed the piling in the river, and has ever since kept it there. The effect of this piling was and still is to turn the water, ice, and logs against plaintiff's land, whereby its shores were and are cut and washed away. The plaintiff, on February 5, 1895, brought an action against the defendant to recover the damages sustained by him by reason of such acts of the defendant, and recovered a judgment therefor in the sum of $400, which is the prior judgment in question. It has been satisfied. In the prior action prospective damages were not claimed nor assessed. It was established in that action, as the jury found, that four and one-half acres of the plaintiff's land had been washed away by reason of the defendant's wrongful acts prior to the commencement of this action, and the court instructed the jury that the measure of damages was "the difference between the actual value of the land as it was before the washing and as it now is with the washing away." Since February 5, 1895, some four acres more of the plaintiff's land have been washed away by reason of such piling being so maintained in the river, and this action is for the recovery of damages therefor.

The plaintiff was bound to recover in his first action all the damages to which he was entitled; and if he was then entitled to recover for all injuries, past, present, and future, to his land, by reason of the acts of the defendant in placing and maintaining the piling in the river, the judgment in the prior action is a bar to this one; for the plaintiff, if such were the case, could not split up his cause of action, and recover a part of his damages in the first action, and then bring this action for the rest of them. The defendant claims that the first action was just such a case, and that the trial court correctly held the judgment to be a bar.

The test, whether an injury to real estate by the wrongful act of another is permanent in the sense of permitting a recovery of prospective damages therefor, is not necessarily the character, as to permanency, of the structure or obstruction causing the injury, but the test is whether the whole injury results from the original wrongful act, or from the wrongful continuance of the state of facts produced by such act. 8 Am. & Eng. Enc. 687; Uline v. New York, 101 N. Y. 98, 4 N. E. 536; Valley v. Franz, 43 Oh. St. 623, 4

N. E. 88; Wells v. New Haven, 151 Mass. 46, 50, 23 N. E. 724.    This last case refers to Fowle v. New Haven, 107 Mass. 352, relied upon by the defendant in this case, and indirectly disapproves it.    The adjudged cases are agreed as to the abstract rule that, where the injury wholly accrues and terminates when the wrongful act causing it is done, there can be but one action for the redress of the injury.    But, where the injury is in the nature of a continuing trespass or nuisance, successive actions may be maintained for the recovery of the damages as they accrue.    In the application of the rule, however, the authorities are somewhat conflicting.

Fortunately, we are relieved from any uncertainty as to the application of the rule to the facts of this case by the decisions of this court; for they conclusively establish the proposition that the acts of the defendant, in placing and maintaining the piling in the river, whereby the water, logs, and ice were driven upon the shore of the plaintiff's land, were in the nature of a continuing trespass or nuisance, and that successive actions may be brought for the damages as they accrue.    Harrington v. St. Paul & S. C. R. Co., 17 Minn. 188 (215); Adams v. Hastings & D. R. Co., 18 Minn. 236 (260); Brakken v. Minneapolis & St. L. Ry. Co., 29 Minn. 41, 11 N. W. 124; Byrne v. Minneapolis & St. L. Ry. Co., 38 Minn. 212, 36 N. W. 339; Adams v. Chicago, B. & N. R. Co., 39 Minn. 286, 39 N. W. 629; Lamm v. Chicago, St. P., M. & O. Ry. Co., 45 Minn. 71, 47 N. W. 455.    The facts in these cases, except that of Byrne v. Minneapolis & St. L. Ry. Co., are similar.    In each case the railway company built and maintained its roadbed, upon which to operate its cars, in a public street or highway, upon which the plaintiff's land abutted, and it was held that the acts of the defendant were a continuing trespass or nuisance, for which successive actions could be brought.    The question is tersely and clearly discussed, and directly decided, in the last case cited.    The satisfaction of the judgment in the first action brought by the plaintiff to recover the damages already accrued was not a purchase of the right to continue the trespass or nuisance, for it was not the equivalent of a judgment in condemnation proceedings.    Lamm v. Chicago, St. P., M. & O. Ry. Co., supra.

The defendant seeks to distinguish its case from the cases in this

court which we have cited, on the ground that it was authorized by law to place and maintain the piling in the river to facilitate the floating and driving of logs therein, and that no part of the piling was on the land of the plaintiff, and no negligence in the premises on its part is claimed. All these facts may be conceded, and still the act of the defendant in maintaining the piling be a continuing nuisance as to the plaintiff. The obstruction was lawful as to the public, but the legislature could not authorize the defendant to maintain it as against a private party whom it injured. Hueston v. Mississippi & R. R. Boom Co., 76 Minn. 251, 79 N. W. 92. The fact that the obstruction did not physically touch the plaintiff's land is immaterial; for while the trespass or injury is not direct, but indirect, the plaintiff's damages are just as great as if some part of the obstruction rested on his land.

In the case of Byrne v. Minneapolis & St. L. Ry. Co., supra, the cause of the injury to the plaintiff's land was the construction and maintenance of the defendant's roadbed, no part of which was on the plaintiff's land, so as to obstruct a natural water course. This was held to be a continuing nuisance, for which successive actions could be maintained. See also Jungblum v. Minneapolis, N. U. & S. W. R. Co., 70 Minn. 160, 72 N. W. 971. In the case of Adams v. Chicago, B. & N. R. Co., supra, the defendant, by virtue of an ordinance of the city of Winona, lawfully constructed and operated its railway, without negligence, in and along a public street of the city upon which the plaintiff's land fronted, no part of which was physically touched by the railway, but it was injured thereby, and it was held that the measure of damages was the depreciation of the rental value of the land to the commencement of the action.

The act of the defendant in the case at bar in placing and maintaining the piling in the river was, whatever it may have been as to the public, as to the plaintiff a continuing trespass or nuisance, and he was entitled to bring successive actions to recover his damages as they accrued. It follows that the trial court erred in holding the former judgment a bar.

Order reversed, and new trial granted.