## HERMAN MEISCH v. MIKE SAFRANSKI.[1]

October 29, 1920.

No. 21,935.

**Cropper's failure to fall plow — charge to jury.**

1. The evidence sustains the trial court's peremptory instruction that the defendant was under obligation to fall plow certain land rented by him of the plaintiff.

**Measure of damages for failure to plow.**

2. Under the facts stated in the opinion the measure of damages for the defendant's failure to plow was the difference in the rental value for one year of the land plowed and unplowed.

[1] Reported in 179 N. W. 685.

**Verdict supported by evidence.**

> 3. There was evidence to sustain a verdict based on the measure of damages stated.

Action in the district court for Marshall county to recover $202.50 for failure to plow back certain land according to contract. The case was tried before Grindeland, J., and a jury which returned a verdict for $92.50. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. A. Brekke* and *William J. Brown,* for appellant.

*Julius J. Olson* and *Rasmus Hage,* for respondent.

DIBELL, J.

This is an action by the plaintiff to recover of the defendant $210 damages for failure to plow in the fall of 1918 land which he held under plaintiff under a lease or cropping contract. There was a verdict for the plaintiff for $92.50. The defendant appeals from the order denying his alternative motion for judgment or for a new trial.

1. In 1911 the plaintiff leased to the defendant by a written lease for one year farm land in Marshall county. There was the usual provision for plowing back in the fall. The defendant continued in possession, without a formal renewal of the lease, and without a definite agreement, until the fall of 1918. In the spring of 1917 the plaintiff broke 35 acres of prairie land at his own expense. The defendant put it into flax and received a share of the product. The defendant plowed back the land in the fall of 1917, and put it into crop in the spring of 1918. In the fall of 1918 the defendant leased other land and notified the plaintiff that he did not want his land longer. He fall plowed 75 acres as he had done before. He did not fall plow the 35 acres. The plaintiff spoke to him about it in October. He disavowed liability but finally agreed to plow. He started plowing but stopped before doing anything substantial. It may be inferred that the approach of winter prevented plowing. The court instructed the jury that the plaintiff was entitled to recover damages for the defendant's failure to plow the 35 acres. We think the court was correct. The defendant did not testify. He gave no explanation and did not deny the plaintiff's testimony as to the conversation be-

tween them. His promise to plow was not the agreement on which the action was brought, but it was a definite admission of liability. He plowed back the 35 acres in 1917, just as he plowed back other land furnished him plowed. It seems clear from the situation and relation of the parties that it was the duty of the defendant to plow back the 35 acres as well.

2. The court charged that the measure of the plaintiff's damages was the difference between the rental value for a year of the land unplowed in the fall of 1918 and its rental value plowed. The defendant claims that the measure of damages was the difference between the value of the land plowed and unplowed. This is in effect the measure stated by the court. The damage from the failure to plow was not permanent nor recurrent. The land had a use or rental value for 1919, though not plowed in the fall of 1918. The difference between that value and the value if plowed in 1918 measured plaintiff's loss. We are accustomed to measure damages by comparing rental values in cases not dissimilar in principle. Jungblum v. Minneapolis N. U. & S. W. R. Co. 70 Minn. 153, 72 N. W. 971; Larson v. Lammers, 81 Minn. 239, 83 N. W. 981, and cases cited. A correct measure of damages results in just compensation. That adopted, properly applied, does. If the plaintiff had plowed, upon the defendant's failure to do so, or if he had had an opportunity to do so of which he did not avail himself, a different measure would apply.

3. There is some claim that the plaintiff failed to make a case for want of proof of damages. He testified that the difference in rental value was $6 per acre. There was no other testimony. The jury found a verdict for $92.50, which is $2.50 per acre with interest added. There is some doubt, which the cross-examination did not remove, whether the plaintiff did not intend to say that the rental value, and not the difference between the two rental values, or perhaps the profit likely to come from the 1919 crop, was $6 per acre. But he did give testimony that the difference in rental values was $6 per acre. The jury applied its practical knowledge of farming and probably reached a fair result.

Order affirmed.