McDougal, Adm'r, vs. Lea, Ex'r.—Opinion of Court.

JOHN McDOUGAL, ADMINISTRATOR, &c., OF JOSEPH W. LEA, vs. ANDREW J. LEA, EXECUTOR OF JOHN WILLIAMS LEA, DECEASED.

A plea that is founded upon the idea that the cause of action arose in a particular county, from the fact that probate of the will was made and defendant undertook and assumed the duties and responsibilities of the office of executor in such county, only goes to the *right of action.*

The statute which requires a party to be sued in the county of his residence or in that where the cause of action accrued, relates to the cause of action and not to the right to sue.

When the plaintiff's replication alleges that the cause of action accrued in the county where the suit is brought, and the defendant demurs, the demurrer admits that the cause of action did accrue in such county, and consequently that suit is properly brought in that county.

This was an action of assumpsit brought in the Circuit Court for the County of Leon by McDougal, Administrator of Joseph W. Lea, against Andrew J. Lea, Executor of John Williams Lea, deceased. The cause of action, as set forth in the declaration, was an account for money, paid, laid out and expended by plaintiff's intestate, to and for the use and at the special instance and request of defendant's testator, in his life time.

The defendant pleaded that he was not a resident of Leon County, but of the County of Madison ; and that probate of the will of his testator was had in the County of Wakulla, in which his testator resided at the time of his death ; and that the cause of action declared upon accrued against him in the county of Wakulla.

To this plea there was a replication to the effect that the cause of action, in the plaintiff's declaration mentioned, accrued to the plaintiff's intestate in his life time and against defendant's testator in his life time, in the county of Leon.

To this replication the defendant demurred and the Court below sustained the demurrer.   Judgment for defendant at the Spring term, 1848, of Leon County Circuit Court, Judge BALTZELL presiding.

*Archer,* for plaintiff in error.

*Call,* for defendant in error.

Opinion by Chief Justice DOUGLAS :

This cause was brought up by writ of error from Leon Circuit Court.   The declaration contains but a single count, and that is for

"Money by the said Joseph Lea paid, laid out and expended to and for the use of the said John W. Lea and at his special instance and request." To this declaration the defendant put in a plea alleging that he is not a resident of Leon County, but that he resides in Madison County, in the Middle Circuit of the State of Florida, and that the probate of the will of John Williams Lea was had in the County of Wakulla and State of Florida, where the said John Williams Lea resided at the time of his death, and the cause of action above declared upon accrued against this defendant, as executor, as aforesaid, in the County of Wakulla aforesaid, where the defendant undertook and assumed the duties and responsibilities of the office of executor of the last will and testament of said John Williams Lea, and not in the County of Leon. To which plea the plaintiff replied that the said several causes of action, in the said declaration mentioned, accrued to the said Joseph Lea in his life time and against the said John Williams Lea in his life time, in the County of Leon aforesaid. To this replication the defendant put in a demurrer, upon which issue joined and the Court below, after argument, sustained the demurrer and held the replication to be bad.

The error assigned is this : "The Court erred in sustaining the defendant's demurrer to the plaintiff's replication.

And, upon a full consideration of the question presented, we think the error well taken. The question arises upon the provisions of the 7th section of the act of November 21st, 1829, (Duval's Comp., 106, Thompson's Digest, 320, No. 4,) which says, "Summons *ad respondendum* shall be made returnable to the Court having jurisdiction over the County in which the defendant resides, or the cause of action accrued ; and the cause shall not be tried in any other County"—with certain exceptions not affecting this case and therefore not necessary to be stated. The plea proceeds upon the idea that the cause of action arose from the fact that probate of the will of John W. Lea was made in Wakulla County; and that the defendant there undertook and assumed the duties and responsibilities of the office of executor, &c. ; but this only goes to the *right* of action. The statute relates to the *cause* of action and not merely the *right* to sue. When Andrew J. Lea made probate of the last will and testament of John Williams Lea and took upon himself the duties and responsibilities of the office of executor of said will, it gave to the plaintiff a right to sue him as such executor, provided he had a *pre-existing cause*

*of action.* The declaration alleges such pre-existing cause of action, to wit : money paid, laid out and expended by the said Joseph W. Lea, (of the goods and estate left by whom, at the time of his death, the said plaintiff is administrator,) to and for the use of the said John W. Lea, in his life time. This cause of action the plaintiff, in his replication alleges accrued in Leon County ; the defendant, as his plea shows, resides in Madison County and, so residing, might have been sued there. The demurrer admits that the cause of action declared upon (to wit : the money paid, laid out and expended, as aforesaid,) accrued in Leon County, and, consequently, we think this suit was well brought in that County. The judgment of the Court below must therefore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Per curiam.*