ANDREW A. LOMMELAND *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

July 12, 1886.

**Measure of Damages—Destruction of Growing Crops.**—In an action for damages to growing crops, the measure of the damages is compensation for the value thereof in the condition they are in at the time of the injury.

**Same—Evidence of Value.**—Opinions of competent witnesses in reference to the extent of the injury and the value of the growing crops may be received, and also the average product or yield of like crops under similar conditions, and, within reasonable limitations as to time, the average market value of such grain, less the expense of harvesting and marketing.

Appeal by defendant from a judgment of the district court for Becker county, where the action was tried before *Stearns*, J., and a jury.

*R. B. Galusha* and *J. Kling*, for appellant.

*O. Mosness*, for respondent.

VANDERBURGH, J. This action is brought to recover damages for injuries to plaintiff's growing crops by the flowing of his land, alleged to have been caused by ditches dug by defendant to drain its road

bed. In such cases the general rule appears to be that the damages are to be estimated·as of the time of the injury, and the measure of damages is compensation for the value of the crops in the condition they are in at that time. 3 Suth. Dam. 381, 382; *Richardson* v. *Northrup*, 66 Barb. 85; *Folsom* v. *Apple River, etc., Co.*, 41 Wis. 602, 609. In applying this rule a considerable latitude of inquiry is permissible from the nature of the case. The estimate must be based largely upon the condition, stage of growth, and promise of the grain, and the capacity of the land to produce crops; and, in addition to the opinions of witnesses qualified to speak in reference to the extent of the injury and of the value of the growing crop in its then condition, we think it would be proper to receive evidence of the average product or yield of like crops upon the same and other lands in the neighborhood, under like circumstances and conditions, and also the average market value of such grain, within reasonable limitations as to time, and the expense of harvesting and marketing, to be submitted to the jury under proper instructions by the court. If the estimates are extravagant, the evidence may be sifted upon cross-examination and controverted by witnesses. *Folsom* v. *Apple River, etc., Co., supra; Whitbeck* v. *N. Y. Cent. R. Co.*, 36 Barb. 644; *Grand Rapids Booming Co.* v. *Jarvis*, 30 Mich. 308, 327; *Allison* v. *Chandler*, 1 Mich. 542; *Williams* v. *Currie*, 1 C. B. 841. The court therefore properly admitted evidence tending to prove the average amount of wheat and oats per acre usually raised on these or similar lands in the vicinity during the years in question. This disposes of the appellant's first and second assignments of error.

The third is that plaintiff was permitted to inquire as to the market value of wheat and oats in the fall and winter of 1881. We think the testimony was admissible. Damages were claimed for 1881 and 1882. Evidence, in such cases, may properly be received of the general or average market price at the place, and during the usual season, of marketing the same crop, if, at the time of trial, it can be shown. All estimates must include and make allowance for the risk of the growing crop, but may also include the reasonable probability of its coming to maturity, and its value when so matured, and that it will be of the average value of such crops; and, where the evidence

develops with reasonable certainty the average price of the matured grain for that year during the marketing season, it becomes an element which the jury may consider in their estimate of the damages to the then growing crop in arriving at a conclusion as to the amount of compensation which the plaintiff may be entitled to for crops injured or destroyed. *Armstrong* v. *Smith,* 44 Barb. 120. This would seem to follow from the rule adopted in *Goebel* v. *Hough,* 26 Minn. 252, (2 N. W. Rep. 847,) and *Miss., etc., Boom Co.* v. *Prince,* 34 Minn. 71, (24 N. W. Rep. 344.)

The fourth and last assignment of error appears to have been abandoned by the appellant on the argument, and the point involved is not therefore considered.

Judgment affirmed.

MITCHELL, J., (*dissenting.*) I concur in the result, but not in what is said in disposing of appellant's third assignment of error. The ruling complained of, if error, was error without prejudice, because the question propounded to the witness was not answered. But I do not think that, for the purpose of ascertaining the value of the growing crop at the time of the injury, it is competent to prove matters occurring subsequently, but which were at the time unknown and incapable of being ascertained. In other words, I do not think that, for the purpose of enhancing his damages, the plaintiff could show that, as matters subsequently developed, if this growing crop had not been destroyed, it would have produced a large yield, or brought a large price, any more than defendant, for the purpose of reducing the damages, could show that if it had not destroyed the crop it would have been subsequently destroyed by a hail-storm or other casualty, or that the grain would have brought a very low price the following fall and winter. I think the measure of the damages, which is the value of the crop at the time of the injury, should be determined by evidence of facts existing at the time, and the judgment of men, based on experience, applied to those facts, the same as if the trial had occurred the same day the crop was destroyed.

DICKINSON, J., (*dissenting.*) I concur in the foregoing dissent. The crop was destroyed while it was yet immature. The question to be

determined was the market or marketable value of the property at that time. The opinion seems to me to confound or to disregard the essential distinction between the proof of facts going to show the market value at that time, and while the crop was subject to the contingencies which must attend its further growth and harvesting, as well as those which might affect future prices, and the proof of the subsequent value of grain in market, after those contingencies which before had necessarily depreciated the value had passed.