Curtis and Shaw v. John T. Howard—Syllabus.

HENRY CURTIS AND JAMES K. SHAW, FORMERLY PARTNERS AS CURTIS & SHAW, APPELLANTS, VS. JOHN T. HOWARD, APPELLEE.

1. Transitory or personal actions, as a general rule, follow the person of the defendant, and where process in such actions, emanating from a court having jurisdiction of the subject-matter, is personally served upon the defendant in the county where the suit is instituted, the court acqnires jurisdiction of both the subject-matter and the person.

2. In such actions, under the system prevailng in this State, the defendant, a natural person, has the privilege of having the cause tried in the county of his residence, or in the county where the cause of action accrued. Such privilege exists not because the court has no jurisdiction unless the defendant resides in the county where suit is brought, or the cause of action accrued there, but is conferred by statute.

3. When a defendant is sued in a personal action, the subject-matter of which is within the jurisdiction of the court issuing the process, in a county other than the one in which he resides or the cause of action accrued, he can waive the privilege given by statute, and where he does not insist on it a valid judgment can be rendered against him.

4. The proper way of insisting on the privilege given by statute to a defendant of being sued in the county of his residence, or where the cause of action accrued, where the record does not show the residence of the defendant, or the accrual of the cause of action, is by plea in abatement.

5. A general appearance of a defendant in such actions does not waive his right to insist on his statutory privilege of being sued in the county of his residence, or where the action accrued, by plea in abatement subsequently filed within the time prescribed by the rules of practice for filing pleas.

6. On the record in this case, held that the defendant did not waive his right to be sued in the county of his residence.

Appeal from the Circuit Court for Leon county.

## STATEMENT.

Appellants sued appellee in the Leon Circuit Court, process being made returnable rule day in April, 1889. On the day of the institution of the suit, counsel for plaintiffs made an affidavit that he had reason to believe that George, Edward and William C. Lewis, composing the banking firm of B. C. Lewis & Sons, in Tallahassee, Leon county, Florida, had in their possession and custody moneys belonging to defendant, and that affiant did not believe defendant would have in his possession visible property in said county and State upon which a levy could be made, sufficient to satisfy such judgment as affiant believed plaintiffs' would be able to recover in the suit, and prayed that process of garnishment issue to said firm of B. C. Lewis & Sons. The writ of garnishment issued and was served on the 18th day of March, 1889, and on the same day the summons *ad respondendum* was served on the defendant.

The following stipulation signed by defendant and counsel for plaintiffs was filed in the cause the day the summons was served, *viz:* "It is stipulated by and between the parties to this suit that B. C. Lewis & Sons, the garnishees, shall pay over to defendant all of their indebtedness to him over and above one thousand dollars; and that the acceptance by plaintiffs of the twelve hundred dollars, placed to their credit by B. C. Lewis & Sons as the balance of an order drawn by defendant on them in favor of plaintiffs for seventeen hundred dollars, shall not be considered a waiver of plaintiffs' right to interest on their claim if otherwise established."

On the 29th of the same month the defendant by attorney filed a general appearance in the suit, and on

rule day in April following the plaintiffs filed a declaration with three counts: 1. For work done and materials provided by plaintiffs for the defendant at his request; 2. For money received by the defendant for the use of plaintiffs; 3. For money found to be due from the defendant to the plaintiffs on account stated between them.''

The bill of particulars filed with the declaration consists of a balance of $540 due on an account for work and labor performed on Pensacola and Atlantic Railroad contract.

On the 15th of April defendant filed a plea in abatement to the effect that at the time of, and for a long time prior to, the commencement of the suit he resided in the county of Gadsden in this State, and still resided there, and did not reside in the county of Leon, and that the cause of action mentioned in the declaration did not accrue in the said county of Leon. The privilege of the defendant to have the suit tried in Gadsden county is claimed, and the conclusion of the plea is that the suit be abated and dismissed. To this plea plaintiffs replied, in effect, that the materials provided and work done as claimed in the declaration were furnished and done in the county of Jackson, State of Florida, and upon the completion of the work plaintiffs and defendant adjusted and stated accounts between them in the said county of Gadsden, and that upon such statement of accounts a balance of $1,700 was admitted by defendant to be due plaintiffs; that thereupon on the 14th day of July, 1883, defendant drew an order in favor of plaintiffs for said balance on B. C. Lewis & Sons, who were at the time, and still are, bankers doing business in Tallahassee, Leon county, and afterwards on the 28th day of July, 1883, plaintiffs presented said order for payment at the bank-

ing house of said B. C. Lewis & Sons, in Tallahassee, when said firm paid the sum of five hundred dollars on said order, but refused to pay the balance, and did not pay the same till long afterwards, to-wit: the 14th day of March, 1889, when they notified plaintiffs that the sum of $1,200 had been placed to their credit on said account, and that before said last payment was made and accepted plaintiffs demanded from defendant legal interest on said balance of $1,200 from the date of payment of the $500, but defendant refused to pay plaintiffs the legal interest so demanded; thereupon plaintiffs instituted this suit in the Circuit Court for Leon county against defendant for $1,000 damages on account of defendant's refusal to pay the interest demanded, and the summons *ad respondendum* issued in the cause was personally served on defendant in Leon county, and on the same day the writ of garnishment issued in the cause was served on B. C. Lewis & Sons; that afterwards, to-wit: on the 18th day of March, 1889, plaintiffs, by attorney, and defendant *in propria persona*, entered into a stipulation and filed the same in the case, which stipulation is incorporated into the replication, and is the same as that above set forth.

The replication further alleges that on the 30th day of March, 1889, defendant, by attorney, entered a general appearance in the cause as follows, *viz:* "I do hereby appear for the defendant in the above-entitled suit, and the clerk of said court is hereby directed to enter my appearance of record," and is signed by counsel for defendant. The conclusion of the replication is, "wherefore plaintiffs pray judgment, and that the court here may take cognizance of the suit aforesaid, and that the said defendant may answer over," etc.

A demurrer to this replication was sustained, and plaintiffs declining to plead further in the cause, judgment final, dismissing the suit at plaintiffs' cost, was entered, from which plaintiffs have appealed.

The only question involved is the correctness of the ruling sustaining the demurrer to the replication.

The other facts in the case are stated in the opinion of the court.

*F. T. Myers* for Appellants.

*John W. Malone* for Appellee.

MABRY, J.:

In transitory actions under our system it is entirely clear that a defendant, a natural person, has the privilege of having the cause tried in the county of his residence, or in the county where the cause of action accrued. McDougal vs. Lea, 2 Fla., 532. This privilege or right exists, not because the court has no jurisdiction unless the defendant resides in the county where suit is brought, or the cause of action accrued there, for, as a general rule, whenever the court has jurisdiction of the subject-matter personal service on the defendant within its territorial jurisdiction will authorize a judicial determination of the cause. Personal actions against a defendant generally follow his person, and where process emanating from a court having jurisdiction of the subject-matter is personally served on him in the county where the suit is instituted, the court acquires jurisdiction of both the subject-matter and the person. The statute has, however, conferred upon a defendant, a natural person, the right or privilege of being sued either in the county of his residence or in the county where the cause of action

accrued. McClellan's Digest, page 811, sec. 5; Chapter 3721, laws of 1887. When sued in a personal action, of which the court has jurisdiction, in a county other than the one in which he resides or the cause of action accrued, the defendant can waive the privilege given him by the statute, and when he does not insist on it, a valid judgment can be rendered against him. Russ vs. Mitchell, 11 Fla., 80; Hall vs. Mobley, 13 Ga., 318. The proper way of objecting to the suit and insisting on the privilege given by the statute where the record does not show the residence of the defendant, or where the cause of action accrued, is by plea in abatement. Bucki vs. Cone, 25 Fla., 1, 6 South. Rep., 160; Kenney vs. Greer, 13 Ill., 432; s. c., 54 Am. Dec., 439.

Counsel for appellants contends that the replication in the case before us, to which the demurrer was sustained, shows that the cause of action accrued in Leon county where the suit was instituted, and, further, conceding this not to be the case, that the defendant has waived his privilege of being sued in the county of his residence. The replication alleges that plaintiffs provided materials and performed labor for defendant in Jackson county, and that an accounting was had between them in Gadsden county, when the sum of seventeen hundred dollars was found and admitted to be due plaintiffs, for which defendant gave an order on the banking firm of B. C. Lewis & Sons, doing business in Leon county, where the suit was instituted. It is not alleged that the order was given in Leon county. It is insisted that the cause of action accrued when the order was presented to B. C. Lewis & Sons in Leon county and payment was refused, and that it was not until then that plaintiffs could have sued. No claim is made that B. C. Lewis & Sons ever

accepted the order, and no question of their liability
on account of an acceptance is involved in the suit.
The fact is that the suit against Howard is not based
upon the order he gave in favor of plaintiffs on B. C.
Lewis & Sons, but the action is for labor done and
materials furnished, for moneys had for use of plain-
tiffs, and on an account stated. The bill of particulars
filed with the declaration is a balance due on an ac-
count against the defendant. The replication shows
that the only liability of defendant that could be re-
lied on in any way under the cause of action alleged,
originated out of Leon county, and his residence in
Gadsden county is admitted. Without considering
whether or not the replication is a sufficient reply to
the plea in other respects, we think it does not show
that the cause of action sued on accrued in Leon
county.

Did the defendant waive his right to have the cause
tried in Gadsden county? It is insisted that he did, in
the first place, by appearing generally to the action.
By statute all distinction between appearance and trial
terms of the Circuit Courts has been abolished, and a
defendant is required to enter his or her appearance
on the return day of the summons, in which case he or
she shall have until the next succeeding rule day to
demur, plead or answer to the declaration. Sections 3
and 6, Chapter 1938; McClellan's Digest, page 821,
secs. 34, 35. The 17th rule of practice of the Circuit
Courts in common law actions is: "There being no
distinction between appearance and trial terms, pleas
in abatement or other dilatory pleas, or any plea de-
nying the signature of any defendant to any bond,
note or other instrument of writing, shall be filed
within the same time as other pleas are required to be

filed by law, and be subject to the like rules in regard thereto." The plea filed by defendant belongs to the class of dilatory pleas. (Russ vs. Mitchell, *supra*), and may be filed within the same time as other pleas are required to be filed, and subject to the like rules in regard thereto. The appearance for defendant was entered on the 29th. day of March, 1889, plaintiffs' declaration was filed on rule day in April following, and the plea was filed on the 15th day of that month. It is insisted that by a general appearance the defendant submitted himself unreservedly to the jurisdiction of the court and was bound thereafter to plead to the merits of the cause. The court acquired jurisdiction of the defendant by the service of the summons *ad respondendum*, and the only question is, did the defendant waive his right to plead in abatement by appearing generally. A general appearance will undoubtedly waive all objections to the summons or its service, and, as we have already stated, the defendant may waive his privilege of being sued in the county of his residence, or in the county where the cause of action accrued. But the record should show that the defendant has had the opportunity of presenting, and has in some way waived his privilege under the statute, of being sued in his home county. If he appears and pleads to the merits, or if he fails to appear and plead at all, he is concluded by the judgment rendered against him, on the principle that he has waived his privilege of being sued in his home domicile. Where the facts as to his residence, or the accrual of the cause of action, do not appear properly upon the record, the defendant's privilege has to be set up by plea in abatement, and such pleas, under the rule, can be filed within the same time, and subject to the same rules in regard thereto, as other pleas. A general ap-

pearance under the statute does not signify any pur-
pose to waive the right to file any appropriate plea in
the action authorized by law, or the rules of practice.
The statute authorized the defendant to plead in abate-
ment to the suit the matter set up in his plea, and it
was filed within the time allowed for filing other pleas.
Under our system of pleading and practice a defend-
ant does not, in our judgment, waive the right to inter-
pose such a plea by filing a general appear-
ance. Under a statute of the United States provid-
ing that service of process shall made upon a defend-
ant exclusively in the district in which he is an
inhabitant, the practice seems to prevail in the Federal
courts that notwithstanding the requirements of the
statute as to service of process on the defendant in his
district, if served elsewhere, and he appears generally
to the action, the court has jurisdiction of the person
and can proceed with the cause, and the defendant's
appearance is considered a waiver of his right to ob-
ject to the service of the precess. Consolidated Rol-
ler-Mill Co. vs. Coombs, 39 Fed. Rep., 25; Kelsey vs.
Pennsylvania Railroad Co., 14 Blatchf., 89; Taylor vs.
Longworth, 14 Pet., 172. Expressions may be found
in several state decisions to the effect that by a general
voluntary appearance all objections to the summons
and return thereof, and to the *jurisdiction of the
court over the person of the defendant, are waived.*
Union Pacific Railway Co. vs. De Busk, 12 Col., 294;
s. c. 13 Am. St. Rep., 221. Unquestionably a general
appearance waives all objections to the summons, but
the plea in abatement in the case before us does not
set up want of jurisdiction in the court over the per-
son of the defendant. The defense is the right of the
defendant given by statute of being sued in the county
of his residence, and there is nothing in the nature of

a general appearance under our system to waive this right. In some of the decisions the distinction between appearance and answering, or pleading to the merits, is not observed, but they do not mean the same thing. Larrabee vs. Larrabee, 33 Maine, 100. Where the defendant appears by pleading to the merits he, of course, consents to litigate in that court his rights, and will be bound by any judgment it may render. Adams vs. Lamar, 8 Ga., 83.

It is further insisted that defendant by entering into the stipulation set out in the replication waived his right to be sued in Gadsden county, but we do not think such effect can be given to it. It indicates that B. C. Lewis & Sons held on deposit for defendant more money than was sufficient to meet the damages claimed by plaintiffs in their declaration, and the stipulation is that all over the amount sued for might be paid to defendant. It was also agreed that the acceptance by plaintiffs of the $1,200 placed to their credit by B. C. Lewis & Sons, as the balance of an order drawn by defendant on them in favor of plaintiffs, should not be considered a waiver of their right to interest on their claim if otherwise established. When or where established is not stated, and there is nothing in the stipulation indicating the consent of the defendant to litigate the merits of the case against him in Leon county.

Our conclusion is that the judgment appealed from must be affirmed.