ALBERT L. WARD v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 27, 1895.

Nos. 9318—(137).

| 61 | 449 |
|----|-----|
| 176 | 257 |
| 76 | 465 |

| 61 | 449 |
|----|-----|
| 81 | 241 |

**Crop Destroyed by Fire—Damages—Evidence.**

> The measure of damages in an action to recover for an injury to a perennial crop—in this case, growing grass—is the difference in the market value of the real property immediately before and its value immediately after the infliction of the injury, and, when ascertaining this difference, evidence that another crop of some character and value may be grown on the land the same growing period, and of the average yield of like crops, of the average market price, the ordinary expense of harvesting and marketing such crops, the condition of that particular crop before the injury, and any other fact existing at the time of the loss tending to show how and to what extent the injury decreased and diminished the value of the farm, may be considered. But evidence of matters occurring subsequently to the injury is not competent, overruling on this point Lommeland v. St. Paul, M. & M. R. Co., 35 Minn. 412, 29 N. W. 119.

Appeal by defendant from an order of the district court for Martin county, Severance, J., denying a motion for a new trial. Reversed.

*Andrew C. Dunn,* for appellant.

*H. H. Dunn* and *T. J. Knox,* for respondent.

COLLINS, J.   On October 9, 1893, the plaintiff brought this action to recover damages for an alleged negligent destruction by fire, only two days before, of certain trees and grass then standing and growing on his farm. The cause was brought on for trial in less than two months after the fire, and plaintiff had a verdict. The

[1] Reported in 63 N. W. 1104.

sole question before us relates to the proper measure of damages for the destruction of the grass.

When making its rulings on the reception of evidence, and also when charging the jury, the trial court relied upon Lommeland v. St. Paul, M. & M. R. Co., 35 Minn. 412, 29 N. W. 119, which case was cited as authority in Byrne v. Minneapolis & St. L. R. Co., 38 Minn. 212, 36 N. W. 339. In that case it was laid down that in actions brought to recover damages for injuries to growing crops such damages are to be estimated as of the time of the injury, and the measure of damages is compensation for the value of the crops in the condition they are at that time.

The correctness of the rule as then stated is not now questioned by appellant's counsel, but his position is that it was absolutely departed from and disregarded by what was afterwards said in that part of the opinion which was devoted to a consideration of the rulings of the trial court when receiving evidence from which the value of the crop at the time of its destruction might be ascertained. We must admit that this criticism is a just one, and that in sustaining the court below in many of its rulings the rule was practically overthrown. Two members of the court as it was then constituted held these same views, as appears from the dissents of Justices Mitchell and Dickinson.

So much of the Lommeland Case as justified the court below, on the trial of this case, to hold that evidence of events which occurred subsequent to the loss, such as the average product or yield of like crops under similar conditions and within reasonable limitations as to time, and of the future average market value of a matured crop, less the expense of harvesting and marketing, may be received when estimating damages, will have to be overruled, and this leads to a reversal of the order appealed from through no fault of the trial court. The radical error in applying the rule warranted by the Lommeland Case is made more apparent when we again allude to the fact that, because of it, and for the purpose of estimating his damages (in the fall of the year and within two months after the fire), plaintiff was permitted to show what his prospects ought to be for a crop of grass seed and hay the next summer, what the yield should be, and what, in all probability, the value of the seed and hay would be some 10 months in the future, without taking

into consideration the fact that the alleged destruction was in the fall of the year, and that a crop of some character and value could be raised on this land in the same growing period, and thus mitigate the injury and loss.

An action to recover damages for a partial loss or a complete destruction of growing crops, whether annual or perennial, is practically an action to recover for an injury to real property. In principle such an action cannot be distinguished from one brought to recover for an injury to growing trees, nor is the measure of damages at all different, although stated differently. The proof in an action to recover for trees destroyed is all directed to an ascertainment of the difference in the market value of the real property immediately before the injury and immediately after its infliction, this difference being the measure of damages. The proof in a case to recover for injuries to a growing crop is, or should be, confined to estimating the value of the crop destroyed; such value being the measure of damages. There is no substantial distinction or difference between the damages a plaintiff is entitled to recover for the destruction of trees and for the loss of a crop, and the same method of determining those damages should be adopted.

The measure of damages in this case must be ascertained by inquiring into the difference in the market value of the real property immediately before the injury and its value immediately after its infliction, and, in ascertaining this difference, evidence that another crop of some character and value may be grown on the land the same growing period, of the average yield of like crops, of the average market price, the ordinary expense of harvesting and marketing such crops, the condition of that particular crop before the injury, and any other fact existing at the time of the loss tending to show how and to what extent the injury decreased and diminished the value of the farm, may be considered. But evidence of matters occurring subsequently to the injury is not competent. For authority on the rule we have thus laid down, see Field, Dam. § 743; Gresham v. Taylor, 51 Ala. 505; Sabine & E. T. R. Co. v. Joachimi, 58 Tex. 456.

Order reversed.