ALABAMA & V. RY. CO. *v.* JOURNEY.

[84 South. 706, In Banc. No. 21013.]

1. RAILROADS. *Federal Control Act did not delegate power to fix venue.*

Congress did not delegate to the executive the power to fix the venue of actions. 40 Stat. 451, chapter 25, section 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, section 3115¾j).

2. RAILROADS. *Federal Control Act left law as to venue unchanged.*

The venue of such actions remained as it was before the act of Congress was passed.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Suit by Smith K. Journey against the Alabama & Vicksburg Railway Company. Demurrer to plea in abatement sustained, and judgment for plaintiff, and defendant appeals. Affirmed.

*Fulton Thompson* and *R. H. & J. H. Thompson*, for appellant.

*Teat & Potter,* for appellee.

COOK, J., delivered the opinion of the court.

The appellee instituted a suit against the appellant in the Second district of Hinds county for personal injuries inflicted upon him by the appellant railway company, through its negligent operation of its train. The railway company filed a plea in abatement to the effect that the suit should have been begun in the First district of Hinds county, the place where the alleged cause of action accrued, or in the circuit court of Attalla county, of which county the plaintiff was a resident citizen at the time the alleged cause of action accrued. The plaintiff demurred to the plea in abatement, and his demurrer was sustained. The defendant then filed the general issue and notice of contributory negligence on the part of the plaintiff.

We do not think that the court erred in the trial of the case upon its merits. The question raised by the plea in abatement is of some interest, and we have decided to express our views thereon. The concrete question is about this:

"Did Congress confer upon the President of the United States or the Director General of Railroads the power to fix the venue of actions against the railroads, while the same were under federal control?"

This question is pertinent here, because the plea in abatement is based upon the assumption that Congress did delegate to the executive this power. If the defendant below is wrong, it follows that the trial court did not err when it sustained the demurrer to the plea in abatement. The trial judge stated his reasons for sustaining the demurrer, and we here copy same:

"If Order No. 18, issued by the Director General of Railroads, is a valid exercise of power vested in him, the plea in abatement of this action is good. The order manifestly was intended to, and does, limit the right to maintain the action at this time to the district where the injury occurs, or the district of plaintiff's residence, where there are more than one district with the jurisdiction of the particular court, limiting the venue to the place of jurisdiction of the injury, or the place of jurisdiction of plaintiff's residence.

"The first clause of section 10 of the act of Congress of March 21, 1918, granting federal control of railroads, relates to liability, and the words therein, 'or with any order of the President,' refers to orders governing rates, fares, classification, operation, and the general management of railroads and their business, and are powers that may be and are delegated to the President by the Federal Control Act, and for damages arising by reason of a compliance with such orders no right of action can be maintained.

"The second clause of section 10 of this act provides: 'Actions at law or suits in equity may be brought by and against such carriers and judgment rendered as now provided by law.' The act, clearly providing by said clause that actions at law may be brought against carriers as now provided by law, was intended to, and does, leave the venue of suits and the jurisdiction of courts as they were at the time of the passage of the act.

"Order No. 18 undertakes to modify and limit the scope of this jurisdictional provision of Congress, and is the exercise of a power that is not, and that probably could not be, delegated by Congress. Article 1, section 1, Const. U. S. Where there is a showing that the trial would seriously interfere with the operation of the road, or in any wise interrupt the operation of trains engaged in hauling war material, troops, munitions, or

supplies, or in any way prejudice the government in the prosecution of the war, no right-thinking court would hesitate to grant a continuance during the period of such condition.

W. H. POTTER, Judge."

Section 10 of the act of Congress (U. S. Comp. St. 1918, U. S. Comp. St. Supp. 1919, section 3115¾j) contains all the law pertinent to this case, and we copy same, viz.:

Sec. 10. "That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government."

It seems clear to us that Congress did not delegate to the executive the power claimed by appellant, but in apt language left the law as it was before the passage of the statute.

*Affirmed.*