**RYNVELD et al. v. DUPUIS.**

No. 5811.

Circuit Court of Appeals, Fifth Circuit.

April 7, 1930.

E. P. Axtell and C. D. Rinehart, both of Jacksonville, Fla., for appellants.

Fred R. Wilson, of Sanford, Fla., and Francis M. Holt, of Jacksonville, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

Appellants sued L. D. Drewry to recover damages for the breach of two similar contracts whereby the former agreed to buy, and the latter agreed to sell, all the merchantable white narcissus bulbs then being grown by Drewry in two separate fields. Drewry died before trial, and the suit was revived against appellee as administrator of his estate.

The contract price was $22.50 per thousand for bulbs measuring twelve centimeters or over in circumference, and $10 per thousand for bulbs measuring less than twelve centimeters in circumference.

After the delivery and acceptance of 580,000 bulbs, of which about half measured twelve centimeters or over, and the other half less than twelve centimeters, Drewry refused to deliver any more bulbs under the contracts unless the noses or stalks on, and all offsets attached to, a single bulb should be counted as separate bulbs, and unless all flat bulbs measuring twelve centimeters or over should be counted as belonging to the $22.50 class. Appellants declined to accept further deliveries upon these conditions. According to the undisputed testimony noses or stalks and offsets on a single bulb are never counted as separate bulbs by those engaged in the business of dealing in narcissus bulbs; nor are flat bulbs of whatever size considered by them as merchantable. There was also evidence for appellants to the effect that during the contract period of delivery the market price for merchantable bulbs measuring twelve centimeters in circumference was $32.50 to $35 per thousand and for fifteen centimeter bulbs was as high as $55 per thousand. The district judge sustained objections to evidence offered to prove the yield of bulbs in

the two fields covered by the contracts. That evidence consisted of an admission by Drewry, made after the crops had matured, that he estimated the yield in one of the fields at two million bulbs, and of the testimony of a witness named Bussey, who stated that he sold to Drewry two million bulbs which were planted in the other field. Bussey further testified that he visited this last named field at planting time and during the growing season, was familiar with the crop, and that there were produced at least as many bulbs as were planted. He qualified as an expert both in the growing and in the making of estimates of the yield of narcissus bulbs. He was then asked to state how many bulbs in his opinion there were per acre in this field which contained twenty-two acres, but the court ruled that the testimony called for by these questions would be too speculative to be of any weight. There being no other evidence than that just stated as to the number of bulbs grown in these two fields during the season covered by the contracts, at the close of the evidence for appellants, the court directed a verdict and entered judgment for appellee.

 The evidence adduced was clearly sufficient to establish a breach by the seller of the contracts, and that the market prices were considerably higher than the contract prices. Appellants were therefore entitled to recover damages measured by the difference between the contract and the market prices, unless they failed to make it appear that there were bulbs besides those delivered which were grown by the seller and which he could have delivered. That there was a large quantity of bulbs which the seller wrongfully refused to deliver must be admitted. Appellee does not contend otherwise, but takes the position that that quantity is not shown with the definiteness and certainty that is required by law. The contract called for the season's output. Appellants were required to prove their right to damages to a certainty, but damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient that there be proved a reasonable basis of computation, although the result may be only approximate. A defendant whose wrongful act creates the difficulty is not entitled to complain that the amount of the damages cannot be accurately fixed. Eastman Kodak Co. v. Southern Photo Material Co. (C. C. A.) 295 F. 98, and cases there cited. We are of opinion that the witness Bussey should have been permitted to give his estimate of the total yield of one of the fields. He not only qualified as an expert in the making of estimates, but had first-hand knowledge of the number of bulbs planted and of their growth. It is reasonable to suppose, as he testified, that the bulbs grown would not be less than the small bulbs that were planted. The crops here involved grew to maturity, and there is less difficulty in estimating the yield than there is in the case of injury to growing crops which might never mature. Even in the case of damage to crops, the estimate of a witness who is qualified to express an opinion as to the loss sustained is admissible. United States Smelting Co. v. Sisam (C. C. A.) 191 F. 293, 37 L. R. A. (N. S.) 976; International Agriculture Corporation v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415. A different rule was not announced in Payne v. Ivey, 83 Fla. 436, 93 So. 143, though a charge which did not confine damages to the amount of loss at the time of injury was held to be too general. The conclusion is that it was error to exclude the proffered testimony of the witness Bussey and to direct a verdict for appellee. It is unnecessary to pass upon other assignments of error.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.