# GREENFIELD v. SCHWARTZ

## Case No. 84-03690 CJ

Seventeenth Judicial Circuit, Appellate Division, Broward County

May 26, 1984

### APPEARANCES OF COUNSEL

**Jerome R. Schechter** for plaintiff/appellant.

No appearance for defendant/appellee.

### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

THIS MATTER came on before this Court upon the appeal of the Appellant, Plaintiff below from an Order transferring venue. The facts of this matter are without dispute. The Plaintiff below sued Defendant for services rendered within the jurisdictional amount of the lower court. The services in question were rendered in Dade County and the Defendant below is a resident of Dade County. The matter was nonetheless filed in the County Court in Broward County, Florida. Service of process was had on the Defendant and a default was entered by the Clerk. Thereupon, Plaintiff moved for entry of final judgment. The Court below *sua sponte* entered an Order transferring the cause to Dade County for appropriate disposition.

The issue before this Court was whether the lower court erred in

entering an Order transferring a cause on the basis of venue after a default where Defendant did not raise the venue objection. While at first blush it would appear that the filing of this cause in Broward County is inappropriate, it is clear that venue being a privilege may be waived and that a waiver occurs upon failure to appear and plead at all, after opportunity for objecting to venue arises. *Baker and Holmes Co. v. Indian River State Bank,* 61 Fla. 106, 55 So. 836 (1911); *Payne v. Ivey,* 83 Fla. 436, 93 So. 143 (1922). The Order below transferring this cause to Dade County is therefore reversed and the lower court is directed to enter judgment on Plaintiff's motion.