LETTS, Judge,
dissenting in part.
I am not convinced that the Rules of Civil Procedure provide an attainable remedy in this case. The admittedly recalcitrant appellants have, in my view, abused the judicial process [1] to the point where they will only stop when hit hard in the pocketbook.
There can be no doubt that a trial court has the power to punish a “contemnor”[2] by imposing a compensatory fine. See National Exterminators, Inc. v. Truly Nolen, Inc., 86 So.2d 816 (Fla.1956). However, as the Supreme Court noted in that case, the damages must still be reasonably ascertained. In the case before us now, testimony was adduced to prove up the damages, but it was, to be kind, sketchy and perhaps geographically inappropriate.
Yet the inexactitude of proof was occasioned by the discovery violations and contemptuous acts of the appellants who now benefit by their own egregious wrong in successfully having the money damages set aside.
Though not cited by the appellees, I have dug up two Federal cases which basically hold that:
A defendant whose wrongful act creates the difficulty is not entitled to complain that the amount of the damages cannot be accurately fixed.
*520 See Austin v. Parker, 672 F.2d 508 (5th Cir.1982) and Rynveld v. Dupuis, 39 F.2d 399 (5th Cir.1930).
Accordingly, I would affirm in toto.

. I certainly do not include appellate counsel in this criticism.

. Black’s Law Dictionary appears to spell it “contemner.”